ANDREW J. DOYLE
Attorney
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC  20044
Tel: (202) 514-4427 / Fax: (202) 514-8865
andrew.doyle@usdoj.gov

*Attorney for Defendants U.S. EPA and its Administrator*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER; SAVE THE BAY; COMMITTEE FOR GREEN FOOTHILLS; CITIZENS' COMMITTEE TO COMPLETE THE REFUGE; and STATE OF CALIFORNIA, by and through XAVIER BECERRA, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY AND ITS ADMINISTRATOR,<br><br>Defendants,<br><br>REDWOOD CITY PLANT SITE, LLC,<br><br>Intervenor-Defendants. | Case No: 3:19-cv-05941-WHA (lead case)<br><br>Consolidated with<br><br>Case No: 3:19-cv-05943-WHA<br><br>**NOTICE OF FILING CERTIFIED INDEX TO THE ADMINISTRATIVE RECORD** |

Pursuant to the Court's direction at the January 2, 2020 case management conference; the parties' January 13, 2020 supplemental joint case management statement; Local Rule 16-5; and, by analogy, Federal Rule of Appellate Procedure 17(b), the defendants, United States Environmental Protection Agency and its Administrator (collectively, "EPA"), hereby file the certified index to the administrative record for purposes of judicial review of EPA's March 1, 2019 special-case Clean Water Act jurisdictional determination pertaining to 1,365 contiguous acres comprising the Redwood City Salt Plant site in Redwood City, San Mateo County, California.

1   The United States acknowledges the Court's direction that, if and to the extent that the
2   United States is asserting a claim of privilege associated with the administrative record, any such
3   claim must "at least be on the privilege log." Tr., Case Management Conference (Jan. 2, 2020), at
4   15:1-4; *see also id.* ("That the way I would rule. I have no doubt about that."). However, there is
5   no requirement for the United States to assert a claim of privilege under EPA's definition of the
6   administrative record, which is: "the set of non-deliberative documents that the decision-maker
7   considered, directly or indirectly (e.g., through staff), in making the final decision." *Id.* at 12:5-8,
8   counsel for the United States quoting EPA's *Administrative Records Guidance* (Sept. 2011) at 4.

9   In accordance with that definition, deliberative documents, i.e., documents reflecting the
10  agency's or agencies' pre-decisional deliberative process, are not part of the administrative record
11  and therefore need not be listed on a privilege log (because, *inter alia*, deliberative documents
12  generally are not relevant to Administrative Procedure Act review, and including them in the
13  administrative record would inhibit agency decision-making). This definition accords with *San
14  Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission*, 789 F.2d 26, 44-45 (D.C. Cir.
15  1986) (en banc), which, as far as we have been able to glean, is the only court of appeals decision
16  to have addressed the question.

17  As this Court has observed, the Ninth Circuit "has not spoken on the issue." *Regents of
18  Univ. of California v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324,
19  at *7 (N.D. Cal. Oct. 17, 2017). However, the Ninth Circuit has approvingly cited the foregoing
20  D.C. Circuit decision, though distinguished it on its facts. *See Portland Audubon Society v.
21  Endangered Species Committee*, 984 F.2d 1534, 1549 (9th Cir. 1993) ("Unlike the documents
22  requested in *Mothers for Peace*, those sought here concern neither internal deliberative processes
23  of the agency nor the mental processes of individual agency members.").

24  *Regents*, where this Court ordered the United States Department of Homeland Security to
25  produce a privilege log, is distinguishable. In *Regents*, the Court found that the agency had
26  produced a deficient administrative record. *See, e.g.*, 2017 WL 4642324, at *3-*5 ("Here, the
27  tendered administrative record consists merely of fourteen documents spanning 258 pages . . . .
28  [P]laintiffs have clearly shown that defendants excluded highly relevant materials from the

administrative record and in doing so have rebutted the presumption that the record is complete."). Here, EPA is producing a voluminous administrative record that has been certified to be complete and in accordance with the agency's definition of an administrative record. Thus, consistent with *Regents*, unless and until a party files a motion that seeks to rebut the presumption that the record is complete; the United States has a full and fair opportunity to respond; and the Court issues a ruling, no privilege log or other relief associated with EPA's administrative record should be ordered.

Accordingly, attached to this Notice are the following documents: (1) EPA's *Administrative Records Guidance* (Sept. 2011), cited above; (2) a certification by the appropriate EPA official; and (3) the certified index to the administrative record.

Dated:  March 2, 2020

Respectfully submitted,

*/s Andrew J. Doyle*
ANDREW J. DOYLE (FL Bar No.84948)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044
(202) 514-4427 (p) (Doyle)
andrew.doyle@usdoj.gov

*Attorney for EPA*