

James N. Saul
Clinical Professor & Staff Attorney

Earthrise Law Center at Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR 97219-7799
*phone* 503-768-6929
*fax* 503-768-6642
jsaul@lclark.edu
earthriselaw.org

March 13, 2020

**Via Certified U.S. Mail and ECF Filing**
Hon. William H. Alsup
United States District Court
San Francisco Courthouse
Courtroom 12, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *San Francisco Baykeeper, et al. v. U.S. Environmental Protection Agency*
       No C 19-05941 WHA (consolidated with No. C 19-05943 WHA)
       Discovery Dispute Regarding EPA's Failure to Produce a Privilege Log

Dear Judge Alsup,

  Plaintiffs seek the Court's assistance in resolving a discovery dispute pursuant to paragraph 34 of this Court's Supplemental Order in Civil Cases. At the Case Management Conference on January 2, 2020 ("CMC"), the Court made clear EPA was required to provide a privilege log. In the parties' Supplemental Joint Case Management Statement, Defendants agreed to file a "privilege log in accordance with the Court's direction" by March 4, 2020. *See* Dkt. #50 at 2. Nonetheless, on March 4, Defendants failed to do so. The parties conferred on this subject prior to the CMC in this case, *see* Dkt. #31 at 2, 4–5, and again by telephone on March 13, 2020, but were unable to resolve the dispute.

  Defendants now contend, based in part on EPA's 2011 Administrative Records Guidance, Dkt. #53-1, that "there is no requirement for the United States to assert a claim of privilege under EPA's definition of the administrative record" and that allegedly deliberative documents "are not part of the administrative record and therefore need not be listed on a privilege log[.]" Dkt. #53 at 2; *see also* Dkt. #55 at 1–2. This position is untenable in the Ninth Circuit, in this District, and in this case, especially in light of this Court's clear statements and prior orders.

  Plaintiffs raised the issue with the Court during the CMC. The Court made its expectations clear: "Anything that's a claim of privilege . . . [must] at least be on the privilege log. That's the way I would rule. I have no doubt about that." Tr., Case

Mgmt. Conf. (Jan. 2, 2020) at 15:1–4 ("CMC Tr.").[1] When EPA quoted its Administrative Records Guidance instructing EPA staff to include only "non-deliberative documents" in the record, *id.* at 12:5–12, the Court expressed skepticism and suggested that internal staff memoranda "ought to be in the record" to facilitate judicial review. *Id.* at 12:5–13:6.

At the CMC, the Court also explained that in the *DACA* litigation it had adjudicated a "huge fight over what should go into the administrative record," CMC Tr. at 8:1–2, and instructed the parties to review those orders, *id.* at 8:2–3. Those orders expressly reject EPA's position. As this Court explained in one of its *DACA* orders, an agency's refusal to even submit a privilege log "invite[s] all manner of mischief" because the assertion of privilege "wholly evade[s] review." *Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2018 WL 1210551, at *6 (N.D. Cal. Mar. 8, 2018) ("*Regents II*").

Defendants' attempt to distinguish the *DACA* cases based on the contention this record is more robust, *see* Dkt. #53 at 2–3, does not address this practical concern. And while this record may be *less* incomplete than the record in the *DACA* litigation, it is still incomplete because (at minimum) all deliberative documents have been excluded. During the parties' March 13 conferral, counsel for EPA indicated that the Region 9 Draft Jurisdictional Determination, Compl. Ex. A, Dkt. #1 at 32–98, was not included in EPA's record because it is a predecisional and deliberative document; but beyond that EPA is not presently aware of how many other documents were excluded from the record on deliberative or other privilege grounds. Any assertions of privilege must be justified to Plaintiffs and the Court.

The Ninth Circuit has explained that the "whole record" consists of "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original). The Ninth Circuit also recognizes a qualified "deliberative process privilege" that shields from disclosure certain "documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *F.T.C. v. Warner Comms., Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). But that privilege is not absolute, and may be overcome if the "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.*

Courts in this District have acknowledged that deliberative documents "may go to the heart of the question of whether an agency action was arbitrary and capricious," *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 382

---

[1] Relevant excerpts of the Transcript of the January 2, 2020 Case Management Conference are attached hereto as Exhibit 1.

(N.D. Cal. 2017), and thus "the proper strategy isn't pretending the protected material wasn't considered, but withholding or redacting the protected material and then logging the privilege." *Inst. for Fisheries Resources v. Burwell*, No. 16-CV-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017); *see also* CMC Tr. at 12:21–13:6. This Court, in accordance with the overwhelming weight of authority in this District,[2] has held that a privilege log must be produced by agency defendants for any documents withheld on the basis of privilege. *See Regents II*, 2018 WL 1210551, at *6; *Regents of University of California v. U.S. Dep't of Homeland Security*, No. C-17-05211-WHA, 2017 WL 4642324, at *7 (N.D. Cal. Oct. 17, 2017).

Plaintiffs intend to file a motion to complete or supplement the administrative record by April 9, 2020. *See* Dkt. #54 at 2. That motion will encompass documents withheld by EPA on the basis of the deliberative process privilege. But without a privilege log, neither Plaintiffs nor the Court can know what is being withheld, assess EPA's claims of privilege, or determine whether the privilege should be overcome under *Warner Communications*.

Counsel for EPA has advised plaintiffs that he will be out of the office on leave during the week of March 16–20, but that, if ordered to do so, a privilege log could be provided within five days after counsel has returned to the office. Plaintiffs thus request the Court order Defendant to file a privilege log on or before March 27, 2020.

Sincerely,

James N. Saul
EARTHRISE LAW CENTER
*Counsel for San Francisco Baykeeper*

Eric J. Buescher
COTCHETT, PITRE & MCCARTHY, LLP
*Counsel for Save the Bay, et al.*

Tatiana K. Gaur
CALIFORNIA OFFICE OF THE ATTORNEY GENERAL
*Counsel for State of California*

cc: All counsel of record (via ECF)

---

[2] *See, e.g., San Francisco Bay Conservation and Dev. Comm'n v. U.S. Army Corps of Engineers*, No. 16-CV-05420-RS, 2018 WL 3846002, at *7 (N.D. Cal. Aug. 13, 2018); *Sierra Club v. Zinke*, No. 17-CV-07187-WHO, 2018 WL 3126401, at *5 (N.D. Cal. June 26, 2018); *Oceana, Inc. v. Pritzker*, No. 16-CV-06784-LHK (SVK), 2017 WL 2670733, at *8 (N.D. Cal. June 21, 2017); *Center for Food Safety v. Vilsack*, No. 15-CV-01590-HSG, 2017 WL 1709318, at *5 (N.D. Cal. May 3, 2017).