| | |
|---|---|
| JOSEPH W. COTCHETT (SBN 36324)<br>jcotchett@cpmlegal.com<br>ERIC J. BUESCHER (SBN 271323)<br>ebuescher@cpmlegal.com<br>JULIE L. FIEBER (SBN 202857)<br>jfieber@cpmlegal.com<br>SARVENAZ "NAZY" J. FAHIMI (SBN 226148)<br>sfahimi@cpmlegal.com<br>**COTCHETT, PITRE & McCARTHY, LLP**<br>840 Malcolm Road<br>Burlingame, CA 94010<br>Tel: (650) 697-6000 / Fax: (650) 697-0577<br><br>*Attorneys for Plaintiffs Save The Bay, et al.*<br><br>ALLISON LAPLANTE (pro hac vice)<br>laplante@lclark.edu<br>JAMES SAUL (pro hac vice)<br>jsaul@lclark.edu<br>EARTHRISE LAW CENTER<br>Lewis & Clark Law School<br>10015 S.W. Terwilliger Boulevard<br>Portland, OR 97219<br>Tel: (503) 768-6894 / Fax: (503) 768-6642<br><br>*Attorneys for Plaintiff San Francisco Baykeeper;*<br>[Additional counsel listed on signature page.] | XAVIER BECERRA<br>Attorney General of California<br>SARAH E. MORRISON<br>Supervising Deputy Attorney General<br>GEORGE TORGUN, State Bar No. 222085<br>TATIANA K. GAUR, State Bar No. 246227<br>Deputy Attorneys General<br>300 South Spring Street, Suite 1702<br>Los Angeles, CA 90013<br>Tel: (213) 269-6329 / Fax: (916) 731-2128<br>E-mail: Tatiana.Gaur@doj.ca.gov<br><br>*Attorneys for Plaintiff State of California* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER; SAVE THE BAY; COMMITTEE FOR GREEN FOOTHILLS; CITIZENS' COMMITTEE TO COMPLETE THE REFUGE; and STATE OF CALIFORNIA, by and through XAVIER BECERRA, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY AND ITS ADMINISTRATOR,<br><br>Defendants.<br><br>REDWOOD CITY PLANT SITE, LLC,<br><br>Intervenor-Defendant. | CASE NO: 3:19-cv-05941-WHA (lead case)<br><br>Consolidated with<br><br>No: 3:19-cv-05943-WHA<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Date:   July 16, 2020<br>Time:   8:00 a.m.<br>Ctrm:   12<br>Judge:  Hon. William H. Alsup |

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE
ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA

# **TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................1

    A. The Region 9 JD is Part of the Administrative Record ............................................1

    B. EPA's Arguments to the Contrary are Unavailing ....................................................3

    C. EPA has Not Adequately Established the Deliberative Process Privilege with Respect to the Region 9 JD......................................................................................5

    D. Even if the Court Finds that the Deliberative Process Privilege Applies, Plaintiffs have Overcome the Privilege..................................................................6

    E. EPA Failed to Sufficiently Establish Both the Attorney-Client and Attorney Work-Product Privileges .........................................................................................8

    F. The Court should Order EPA Complete or, in the Alternative, Supplement the Record with the Region JD................................................................................8

    G. For Similar Reasons, the Court Should Order EPA Complete or, in the Alternative, Supplement the Record with a Number of Other Documents, including Email Correspondence Between EPA and Cargill.............................................................9

III. CONCLUSION.....................................................................................................................10

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA**

I

# TABLE OF AUTHORITIES

**Cases**                                                                                                                         **Page No(s).**

*Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443,
    447 (9th Cir. 1992) ..................................................................................................5, 6, 10

*Am. Fed'n of Gov't Emps.* v. *U.S. Dep't of Commerce*, 907 F.2d 203, 208 (D.C. Cir. 1990) .........4

*Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, No. CV 14-1667
    PSG CWX, 2015   WL 3606419, at *3 (C.D. Cal. Feb. 4, 2015)......................................7

*Ctr. for Envtl. Health v. Perdue*, No. 18-CV-01763-RS (TSH), 2019 WL 6114513
    (N.D. Cal. Nov. 18, 2019) .................................................................................4, 5, 7

*Ctr. for Food Safety v. Vilsack*, No. 15-cv-01590-HSG, 2017 WL 1709318
    (N.D. Cal. May 3, 2017) ....................................................................................2, 8

*Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368 (N.D. Cal. 2017)...................7

*Desert Survivors v. US Dep't of the Interior*, No. 16-CV-01165-JCS,
    2017 WL 1549373, at *7  (N.D. Cal. May 1, 2017)............................................................7

*F.T.C. v. Warner Communications*, *Inc.*, 742 F.2d 1156 (9th Cir. 1984)...................................6, 7

*Hynix Semiconductor Inc. v. Rambus Inc.,* Nos. CV-00-20905, 2008 WL 350641, at *3
    (N.D. Cal. Feb. 2, 2008) .......................................................................................8

*In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279 (D.C. Cir. 1998)..........................................2

*In re United States*, 875 F.3d 1200, 1210 (9th Cir.), *cert. granted, judgment vacated on other
    grounds,* 138 S. Ct. 443 (2017).........................................................................3, 10

*Inst. for Fisheries Resources v. Burwell*, No. 16-cv-01574-VC, 2017 WL 89003
    (N.D. Cal. Jan. 10, 2017) ......................................................................................2

*Judicial Watch v. United States Postal Service*, 297 F. Supp. 2d 252, 265
    (D. D.C. Jan. 11, 2004)........................................................................................5, 6

*Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005).........................................................8, 9

*Leslie Salt Co. v. United States*, 886 F.2d 354, 360 (9th Cir. 1990)................................................9

*Mead Data Central. Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977) .............6

*National Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1117 (9th Cir. 1988)...........5

*Natural Resources Defense Counsel v. U.S. Dept. of Defense*, 388 F. Supp. 3d 1086,
    1089  (C.D. Cal. May 25, 2006) ...............................................................................6

*N. Pacifica, L.L.C. v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003)...................4

*NRDC v. Gutierrez*, No. C 01-0421 JL, 2008 WL 11358008 (N.D. Cal. Jan. 14, 2008) ................8

*Oceana v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019)..................................................................3

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE
ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA**                                                                                                      II

*Portland Audubon Soc'y. v. Endangered Species Comm.*, 984 F.2d 1534 (9th Cir. 1993).........3, 8

*Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, No. C 17-05211 WHA,
    2018 WL 1210551 (N.D. Cal. Mar. 8, 2018) .................................................................3

*San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n,* 789 F.2d 26, 44–45
    (D.C. Cir. 1986) (en banc). .....................................................................................3, 7

*Sierra Club v. Zinke*, No. 17-cv-07187-WHO, 2018 WL 3126401
    (N.D. Cal. June 26, 2018) .......................................................................................2, 5

*Thompson v. U.S. Dep't of Labor*, 885 F.2d 551 (9th Cir. 1989).......................................2

*Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992)..............4

*United Farm Workers v. U.S. Envtl. Prot. Agency*, No. C07-3950, 2008 WL 3929140
    (N.D. Cal. Aug. 26, 2008) .......................................................................................2, 9

*United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal. 2002) ..........................8

*U.S. v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015)...............................................5, 6, 10

*Wiener v. F.B.I.,* 943 F.3d 972, 979 (9th Cir. 1991).......................................................6

**Other Materials**                                                                 **Page No(s).**

LCR 7-5 (b)..............................................................................................................5, 6

Supplemental Order to Order Setting Initial Case management Conference in Civil Cases Before
    Judge William Alsup (last revised February 12, 2018), https://cand.uscourts.gov/wp-
    content/uploads/judges/alsup-wha/WHA-Supplemental-CMC-Order.pdf.........................3

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE
ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA**

III

## I.  INTRODUCTION

Plaintiffs moved for completion or, in the alternative, supplementation of the record with the Region 9 JD and a number of other documents and communications. Dkt. #68. EPA's response does little to contest Plaintiffs' motion. EPA's argument for the application of privilege to these documents hinges on an improper declaration—the declaration of Dennis Lee Forsgren, Jr. (the "Forsgren Declaration"), Deputy Assistant Administrator for the Office of Water at EPA. That declaration purports to attest to the application of the deliberative process privilege to the Region 9 JD and other withheld documents, but it provides little more than legal conclusions insufficient to adequately establish the applicability of that or any other privilege to any document referenced in the declaration. Dkt. #70-1. Taken together, the Defendants' briefing, privilege log, and declaration do not adequately explain how the deliberative process, attorney-client, or attorney work-product privileges apply to any specific document withheld. The Court should order EPA to complete or, in the alternative, supplement the record with the Region 9 JD and the other documents Plaintiffs have identified.

## II. ARGUMENT

### A.  The Region 9 JD is Part of the Administrative Record

EPA concedes that the Region 9 JD "had a role in the development of EPA's final action." Dkt. #70 at 6. Indeed, according to EPA's privilege log, the Region 9 JD was seen by at least ten employees in Region 9 and another seven employees at EPA Headquarters in Washington, D.C. Dkt. #66-1 at 1. Among the recipients were senior EPA officials who likely advised Administrator Wheeler in making his final decision, including then-Acting Deputy Administrator Stan Meiburg and Steven Neugeboren, Associate General Counsel for the agency's Water Law Office. *Id*. Moreover, in its reply to Plaintiffs' Motion for Summary Judgment, EPA pointed out that, within months of the Region 9 JD's completion, EPA's General Counsel sent out a memorandum expressly stating that the JD remained "under review by EPA." Dkt. #69 at 16. By identifying the numerous instances where high-level EPA employees closely involved with advising the Administrator saw and considered the Region 9 JD, EPA has effectively *admitted* that the document was considered by the Administrator when making his final jurisdictional determination. Under Ninth Circuit law, therefore, the document is presumptively a part of the complete administrative record because it was considered, at least

indirectly, by the ultimate decisionmaker. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (holding that the administrative record is "not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record," but rather "consists of all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position.") (internal quotation marks omitted).

EPA cites several D.C. Circuit cases for the proposition that deliberative documents are never a part of this or any other administrative record. Dkt. #70 at 5. However, that is not the law in the Ninth Circuit, and EPA's position has been rejected time and again by courts within this District. *See, e.g.*, *Ctr. for Food Safety v. Vilsack*, No. 15-cv-01590- HSG, 2017 WL 1709318, *4 (N.D. Cal. May 3, 2017) (asserting that "courts in this district have uniformly concluded that internal agency communications and drafts are part of the administrative record."); *Sierra Club v. Zinke*, No. 17-cv-07187-WHO, 2018 WL 3126401, at *3 (N.D. Cal. June 26, 2018) (noting that the Northern District of California "has repeatedly required deliberative materials (such as internal comments, draft reports, emails, and meeting notes) to be added to the administrative record if they were considered in the agency's decision."); *Inst. for Fisheries Resources v. Burwell*, No. 16-cv-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017) (same); *United Farm Workers v. U.S. Envtl. Prot. Agency*, No. C07-3950, 2008 WL 3929140, at *2 (N.D. Cal. Aug. 26, 2008) (noting that the administrative record "includes internal correspondence, memoranda and drafts that were part of the EPA's decision making process"). Consequently, EPA's arguments that deliberative documents can never be part of the administrative record are unavailing.

In opposing Plaintiffs' motion, EPA relies on a number of cases clearly distinct from the instant case. Dkt. #70 at 4–5. This reliance is misplaced. For example, EPA points to *In re Subpoena Duces Tecum*, which held, albeit tangentially, that materials outside the record are immaterial unless the plaintiff alleges bad faith on the part of the agency. Dkt. #70 at 5 (citing *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279 (D.C. Cir. 1998)). However, the court in *In re Subpoena Duces Tecum* limited its holding to "circumstances in which the cause of action is directed at the agency's subjective motivation." *Id*. Further, the court went on to note that "the ordinary APA cause of action does not directly call into question the agency's subjective intent." *Id*. Where, as here, there are no

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA

2

allegations pertaining to the subjective intent of the administrative agency, the holding from *In re Duces Tecum* is inapplicable even as persuasive authority.

EPA's reliance on *Oceana v. Ross* is similarly misguided. Dkt. #70 at 8. *Ross* held that a draft document was outside the administrative record and, therefore, did not need to be listed in a privilege log. 920 F.3d 855, 865 (D.C. Cir. 2019). However, EPA neglects to mention that *Ross* was not a case "where a substantial showing was made that the record was incomplete." *Id.* Here, as explained below, Plaintiffs have made a showing that the record is incomplete and EPA has failed to establish that the deliberative process privilege applies to exclude the Region 9 JD from the record. Consequently, the holding in *Ross* is inapplicable.

EPA also relies on *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n* for the proposition that examination of "the deliberative proceedings of the agency . . . must be the rare exception if agencies are to engage in uninhibited and frank discussions during their deliberations." Dkt. #70 at 3–4 (citing *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n,* 789 F.2d 26, 44–45 (D.C. Cir. 1986) (en banc)). But the documents at issue in that case were confidential transcripts of a closed meeting of the Nuclear Regulatory Commission—transcripts that the Ninth Circuit has described as the "literal deliberations among the members of a multi-member agency board." *In re United States*, 875 F.3d 1200, 1210 (9th Cir.), *cert. granted, judgment vacated on other grounds,* 138 S. Ct. 443 (2017). *See also Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1549 (9th Cir. 1993) (finding *Mothers for Peace* inapplicable on the basis that the transcripts at issue there would disclose "the mental processes of individual agency members."). *Mothers of Peace* is based on unique facts and is irrelevant here.

**B.     EPA's Arguments to the Contrary Are Unavailing**

Courts within this District have rejected EPA's position that agencies need not list deliberative documents in a privilege log, Dkt. #70 at 2, and instead require agencies to assert and justify their use of the deliberative process privilege as a basis for excluding documents from the administrative record. *Regents of the University of California v. US DHS*, No. C 17-05211, 2017 WL 4642324, at *7 (N.D. Cal. Mar. 8, 2018); Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup (last revised February 12,

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD; CASE NO. 3:19-cv-05941-WHA

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

3

2018), https://cand.uscourts.gov/wp-content/uploads/judges/alsup-wha/WHA-Supplemental-CMC-Order.pdf (requiring privilege logs be "promptly provided" and "sufficiently detailed"). The government bears the burden of not only properly invoking the privilege, but in proving that it applies to any particular documents. *N. Pacifica, L.L.C. v. City of Pacifica,* 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). Even if properly invoked by the government, "the privilege is strictly confined within the narrowest possible limits consistent with the logic of its principles." *Id.*

EPA failed to adequately prove that the deliberative process privilege applies to the Region 9 JD. EPA claims that because the Region 9 JD is not "final" and is, therefore, predecisional, the deliberative process privilege applies. Dkt. #70 at 9. To support its allegation, EPA cites *to Town of Norfolk v. U.S. Army Corps of Engineers*, 968 F.2d 1438, 1458 (1st Cir. 1992), and *Am. Fed'n of Gov't Emps.* v. *U.S. Dep't of Commerce*. 907 F.2d 203, 208 (D.C. Cir. 1990). Neither of these cases, however, stands for the proposition that all non-final documents are necessarily deliberative and excluded from the record. Indeed, if finality were the only requirement for admissibility, EPA's final JD would be the only document left in the record.

Importantly, neither of these out-of-circuit cases dealt with documents analogous to the Region 9 JD. The Court in *Town of Norfolk,* for example, considered letters to and from agency personnel. 968 F.2d at 1445. The court in *Am. Fed'n of Gov't Emps*. similarly addressed the personal notebooks of an agency employee and indices tracking agency employees potentially up for promotion in the future. *Am. Fed'n of Gov't Emps.,* 907 F.2d at 205. Not only are those two cases inconsistent with Ninth Circuit law and opinions from district courts within the Ninth Circuit (which have routinely ordered inclusion of, e.g., letters and email correspondence in the administrative record, *Zinke*, No. 17-cv-07187-WHO, 2018 WL 3126401, at *3, but they are distinguishable on the facts. The documents considered in the cases EPA cites were highly personal, clearly deliberative, and expressly about the agencies' internal deliberations. In contrast, the Region 9 JD represents the consummation of years of research and analysis. It contains no redlines, comments, or other indications of its allegedly deliberative nature. *Ctr. for Envtl. Health v. Perdue*, No. 18-CV-01763-RS (TSH), 2019 WL 6114513, at *4 (N.D. Cal. Nov. 18, 2019) (determining the privilege applied to documents with "edits and comments," but refusing to do so for a document appearing to be "a

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA

4

polished draft"); *Zinke*, 2018 WL 3126401, at *3. The Region 9 JD does not express the personal view of any specific employee at EPA, but is rather the voice of the regional EPA office with the most direct experience and expertise and that normally has the last word on jurisdictional determinations in and around San Francisco Bay. In sum, it is wholly different from the documents at issue in the cases cited by EPA.

### C. The Forsgren Declaration Fails to Establish the Deliberative Process Privilege with Respect to Any Documents

Despite EPA's assertions to the contrary, EPA failed to adequately establish the deliberative process privilege with regard to any single document listed on its privilege log, including the Region 9 JD. Between its briefs, privilege log, and the Forsgren Declaration, EPA never explains how any given document was involved in the agency's deliberative process. Indeed, EPA commits less than a paragraph to the matter, merely pointing the court to the Forsgren Declaration. Dkt. #70 at 9. This half-hearted attempt fails to carry EPA's burden here.

Even a cursory review of the Forsgren Declaration reveals its inadequacy.[1] The declaration provides little more than unsubstantiated legal conclusions and sweeping, boilerplate assertions that the withheld documents are "not final"; are "internal" and "pre-decisional"; and that disclosure of these documents will "chill EPA employees' willingness to freely share their opinions and deliberate." Dkt. #70-1 at 8. Such assertions merely parrot the prima facie requirements of the deliberative process privilege. At no point does Mr. Forsgren articulate how a given document is "actually … related to the process by which policies are formulated." *National Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1117 (9th Cir. 1988). Nor does Mr. Forsgren explain how or why disclosure of the Region 9 JD or other documents would chill EPA employees' willingness to freely share their opinions or deliberate. *Judicial Watch v. United States Postal Service*, 297 F. Supp. 2d

---

[1] Indeed, the Forsgren Declaration violates local rules and can, therefore, be stricken either in whole or in part by this Court. LCR 7-5(b). Likewise, it is wholly inconsistent with Ninth Circuit case law holding that legal conclusions contained in declarations are inadmissible. *See, e.g., U.S. v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (affirming the decision of the Central District of California to strike testimony from the record on the grounds that one "cannot testify to a matter of law amounting to a legal conclusion."); *Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (striking declarations on the grounds that they provided only legal conclusions).

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA
5

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

252, 265 (D. D.C. Jan. 11, 2004) (holding that "agencies cannot justify withholding documents by conclusory allegations of possible harm") (citing *Mead Data Central. Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242, 258 (D.C. Cir. 1977)) (internal citations omitted). In fact, Mr. Forsgren repeats the same blanket assertions *verbatim* with respect to every single document, save one document for which he *paraphrased* the same assertion. Dkt. #70 at 8–9, 12–19.

Mr. Forsgren's declaration is inadequate to justify withholding documents under both local rules, Civil Local Rule 7-5(b) (requiring declarations "avoid legal conclusions"), and long-standing caselaw. *See, e.g., Wiener v. F.B.I.,* 943 F.3d 972, 979 (9th Cir. 1991) (holding that "boilerplate" explanations regarding the application of privilege were inadequate and requiring specific explanations about how privilege applies to each document withheld); *U.S. v. Tamman*, 782 F.3d at 552 (affirming the decision of the Central District of California to strike testimony from the record on the grounds that one "cannot testify to a matter of law amounting to a legal conclusion"); *Aguilar,* 966 F.2d at 447 (striking declarations on the grounds that they provided only legal conclusions); *Natural Resources Defense Counsel v. U.S. Dept. of Defense*, 388 F. Supp. 3d 1086, 1089 (C.D. Cal. May 25, 2006) (same); *Judicial Watch*, 297 F. Supp. 2d at 257 (holding declarations asserting privilege were inadequate because they merely recited "statutory standards" and were "too vague or sweeping").

The Forsgren Declaration does not establish that the deliberative process privilege applies. Nor does it make up for the inadequacy of Defendants' briefing on the application of the privilege to the documents withheld. Given its shortcomings and its conclusory nature, the Forsgren Declaration should be ignored by the Court.

### D. Even if the Court Finds that the Deliberative Process Privilege Applies to the Region 9 JD, Plaintiffs have Demonstrated the Privilege should be Overridden

Even if the Court finds that the deliberative process privilege applies to the Region 9 JD, Plaintiffs have shown that the document's value to the litigation should "override the government's interest in non-disclosure." *F.T.C. v. Warner Communications*, 742 F.2d 1156, 1161 (9th Cir. 1984). In their motion, Plaintiffs explained why the Ninth Circuit's four-factor *Warner Communications* analysis compels the inclusion of the Region 9 JD in the administrative record. Dkt. #68 at 9–12.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA

6

1    EPA focuses only on the fourth factor—"the extent to which disclosure would hinder frank and
2    independent discussion" within the agency, discussed in greater detail below. Dkt. #70 at 10
3    (paraphrasing *Warner Communications*, 742 F.2d at 1161). EPA does not meaningfully dispute
4    Plaintiffs' application of the other factors in the *Warner Communications* analysis. Instead, EPA
5    wrongly contends that *Warner Communications* is simply "irrelevant" to APA record review cases
6    such as this. Dkt. #70 at 10. EPA's attempt to distinguish "affirmative civil action[s]," (*id*. at 9), from
7    record review cases has no basis in the law, and numerous courts both within and outside this District
8    have used the *Warner Communications* framework to order inclusion of deliberative documents in
9    the record in APA cases. *See, e.g.*, *Desert Survivors v. US Dep't of the Interior*, No. 16-CV-01165-
10   JCS, 2017 WL 1549373, at *7 (N.D. Cal. May 1, 2017); *Ctr. for Biological Diversity v. U.S. Army
11   Corps of Engineers*, No. CV 14-1667 PSG CWX, 2015 WL 3606419, at *3 (C.D. Cal. Feb. 4, 2015).

12          Moreover, EPA offers no basis to find that the inclusion of the Region 9 JD in the
13   administrative record would "hinder frank and independent discussion" within the agency. *Warner
14   Communications* 742 F.2d at 1161. As discussed above, the Region 9 JD is the consummation of
15   months of scientific investigation and legal analysis conducted by a team of experts, not the
16   individual opinion or recommendation of specific agency employees. *Cf. Warner Communications*,
17   742 F.2d at 1161 (noting that the deliberative process privilege permits withholding "documents that
18   reflect advisory opinions, recommendations and deliberations"). The Region 9 JD has the appearance
19   of a final decision, but for a signature. It contains no red-lines, comments, or edits. This is not a
20   deliberative document in which agency employees expressed their opinion on a problem. It is
21   carefully crafted and represents the final determination of the regional agency office best equipped
22   and normally expected to make jurisdictional determinations in the Bay Area. *Desert Survivors v.
23   U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 385 (N.D. Cal. 2017) (finding that disclosure of
24   "relatively polished draft" was unlikely to cause embarrassment or have chilling effect on agency)
25   (internal quotations and citation omitted)*; Perdue*, 2019 WL 6114513, at *4 (upholding application of
26   the deliberative process privilege to documents that contain "edits and comments by staff" but not to
27   a document appearing to be "a polished draft").
28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE
ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA**                                                                    7

E.  **EPA Failed to Sufficiently Establish the Attorney-Client Privilege**

Furthermore, EPA failed to adequately show that the attorney-client privilege warrants withholding the Region 9 JD. Even if EPA in-house counsel authorized or produced the Region 9 JD, EPA must make a "clear showing" that the drafter wrote the document "for the purpose of obtaining or providing legal advice." *U.S. v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). EPA has failed to do so. At best, EPA has merely alleged legal conclusions to that effect, stating, for example, that the "document is replete with legal advice" and that the Region 9 JD clearly shows "that the drafter wrote the document for the purpose of obtaining or providing legal advice." Dkt. #70 at 11 (quoting *ChevronTexaco Corp.*, 241 F. Supp. 2d at 1076). This is insufficient on its face. *Hynix Semiconductor Inc. v. Rambus Inc.,* Nos. CV-00-20905, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) (holding that vague allegations stating only legal conclusions and devoid of sufficient factual considerations are insufficient to demonstrate the application of privilege).

F.  **The Court Should Order EPA to Complete or, in the Alternative, Supplement the Record with the Region 9 JD**

For the aforementioned reasons, the administrative record in this case remains incomplete. Plaintiffs have shown that the Region 9 JD was clearly among the documents "before the agency pertaining to the merits of its decision." *Portland Audubon Soc'y,* 984 F.2d at 1548. To reiterate, the document, being, at the very least, the "underlying work and recommendations of agency subordinates," is part of the record. *NRDC v. Gutierrez*, No. C 01-0421 JL, 2008 WL 11358008, at *6 (N.D. Cal. Jan. 14, 2008). Indeed, so holding would be in line with the consistent jurisprudence of the Northern District of California. *Vilsack*, 2017 WL 1709318, *4. Since the document is demonstrably within the administrative record and, as Plaintiffs have shown, EPA has not proven the application of any privilege to the Region 9 JD, the record is incomplete without its inclusion.

Should the Court deem the record complete, however, Plaintiffs have demonstrated that *supplementing* the record with the Region 9 JD is warranted. The first *Powell* exception applies because the Region 9 JD includes, for example, relevant data about the surface elevation of the Salt Ponds and San Francisco Bay. *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Such information is required to determine, as the Region 9 JD does, that the Salt Ponds are typically below

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD; CASE NO. 3:19-cv-05941-WHA**

8

1  the local mean high-water mark of the San Francisco Bay, and would, therefore, be subject to the ebb

2  and flow of the tide (but for man-made levees). Where, as here, the area at issue would be subject to

3  the ebb and flow of the tide but for man-made levees, the area cannot be considered "fast land" and

4  must be assessed under EPA's regulatory framework. Region 9 JD at 20–21 (citing *Leslie Salt Co. v.*

5  *United States*, 886 F.2d 354, 360 (9th Cir. 1990)). EPA's final JD ignores these facts and instead

6  simply states that the ponds are "upland" without explanation. AR 1 at 11. Clearly, then, admitting

7  the Region 9 JD is "necessary to determine whether the agency has considered all relevant factors

8  and has explained its decision." 395 F.3d at 1030.

9        The third *Powell* exception also applies to the Region 9 JD since it "is necessary to explain

10  technical terms or complex subject matter." 395 F.3d at 1030. Although the administrative record

11  contains dozens of highly technical documents, it omits the document which delves the deepest into

12  the complex analyses underlying the jurisdictional status of the Site. The regional staff who prepared

13  the Region 9 JD are experts in the local area with longstanding and hard-learned expertise in the

14  specific ecological, environmental, biological, and chemical dynamics at play in the Bay.

15        EPA argues that because much (though not all) of the technical data included in the Region 9

16  JD is expressed elsewhere in the record, the Region 9 JD is not necessary since it merely contains

17  relevant analyses, not relevant information. Dkt. #70 at 8. However, this is a distinction without

18  merit. *Powell* speaks to a document's use in explaining, not stating technical terms. 395 F.3d at 1030.

19      **G.**     **For Similar Reasons, the Court Should Order EPA to Complete or, in the**

20              **Alternative, Supplement the Record with a Number of Other Documents,**

21              **including Email Correspondence Between EPA and Cargill**

22        A complete administrative record "includes internal correspondence ... that were part of the

23  EPA's decision making process." *United Farm Workers,* 2008 WL 3929140, *2. Yet, the record here

24  is suspiciously devoid of communications between EPA, the agency making the jurisdictional

25  communication, and Cargill, the company requesting it. Out of the 252 documents designated in the

26  administrative record, only 36 documents include communications with Cargill. Of that subset, only

27  six documents are dated after March 18, 2015, when EPA took over preparing the jurisdictional

28  determination from the U.S. Army Corps of Engineers. This is plainly not the complete set of such

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD; CASE NO. 3:19-cv-05941-WHA**

9

communications. Dkt. #68-1 (quoting counsel for Intervenor-Defendants stating that "there are other communications between the regulatory agencies and [Intervenor-Defendant] made over the years since the original request for an AJD was submitted to the [Army Corps]"). Likewise, in response to Plaintiffs' FOIA requests, EPA has only released four unique communications with Cargill, Intervenor-Defendant, and/or its associates. Dkt. #67-7 (stating that of the nine responsive records received by Baykeeper, only 7 (including one duplicate) contain communications from Cargill, Intervenor-Defendant, and/or associates); Dkt. #67-2 (stating that of the 117 responsive records from EPA Region 9 received by Save The Bay, only one record contained communications from Cargill, Intervenor-Defendant, and/or its associates). The absence of such communications is incongruous with the wealth of other documents in the record that were provided directly by Cargill to EPA. *See e.g.,* AR 796 at 831–32 (Cargill Maintenance Report, Oct. 2002); AR 6157 at 6158–59 (Cargill Maintenance Report Aug. 1999).

In response to the absence of communications between EPA and Cargill, Intervenor-Defendant, and/or its associates in the record, EPA merely asserts that this is to be expected in these circumstances. Dkt. #70 at 12. EPA notes that, "some of the communications may have occurred before the EPA Administrator became the decision-maker, and those prior communications simply never made their way, directly or indirectly ... to the EPA Administrator." *Id*. In so stating, EPA not only admits that information indirectly considered by agency decision-makers, like the Region 9 JD, should be included in the record, but also misstates the law. The administrative record must include not just those documents that the Administrator directly and indirectly considered, but also that which was considered by agency subordinates involved with the decision-making process. *In re United States*, 875 F.3d at 1210. Consequently, EPA, having already admitted that these communications were considered, either directly or indirectly by agency subordinates involved with this JD process, must include them in the record.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court order EPA to complete, or in the alternative, to supplement the administrative record with: (1) the Region 9 JD, (2) documents relied upon and referenced in the Region 9 JD, (3) communications between EPA and

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD; CASE NO. 3:19-cv-05941-WHA

10

Cargill, Intervenor-Defendant, and/or their associates, and (4) pertinent communications and documents between November 21, 2016 and March 1, 2019 in accordance with Plaintiffs' previous motions. Plaintiffs further respectfully request that the Court order EPA to supplement its privilege log, or alternatively, conduct an *in camera* review to assess EPA's assertions of privilege.

Respectfully submitted,

Dated: May 28, 2020   **COTCHETT, PITRE & McCARTHY, LLP**

By: */s/ Eric J. Buescher*
ERIC J. BUESCHER
JULIE L. FIEBER
SARVENAZ J. FAHIMI

*Attorneys for Plaintiffs Save The Bay, Committee for Green Foothills, and Citizens' Committee to Complete the Refuge*

Dated: May 28, 2020   **EARTHRISE LAW CENTER**

By: */s/ Allison LaPlante*
ALLISON LAPLANTE
JAMES SAUL

**SAN FRANCISCO BAYKEEPER, INC.**
NICOLE C. SASAKI

*Attorneys for Plaintiff San Francisco Baykeeper, Inc.*

Dated: May 28, 2020   **ATTORNEY GENERAL'S OFFICE**

By: */s/ George Torgun*
XAVIER BECERRA
SARAH E. MORRISON
GEORGE TORGUN
TATIANA K. GAUR

*Attorneys for Plaintiff State of California*

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD;
CASE NO. 3:19-cv-05941-WHA**

11

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Eric J. Buescher, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of May, 2020, at Burlingame, California.

*/s/ Eric J. Buescher*
ERIC J. BUESCHER

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPLETE, OR IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD; CASE NO. 3:19-cv-05941-WHA**

12