```
JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
ERIC J. BUESCHER (SBN 271323)
ebuescher@cpmlegal.com
SARVENAZ "NAZY" J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Tel: (650) 697-6000 / Fax: (650) 697-0577
```

*Attorneys for Plaintiffs Save The Bay, Green Foothills, and Citizens' Committee to Complete the Refuge*

```
ALLISON LAPLANTE (pro hac vice)
laplante@lclark.edu
JAMES SAUL (pro hac vice)
jsaul@lclark.edu
EARTHRISE LAW CENTER
Lewis & Clark Law School
10015 S.W. Terwilliger Boulevard
Portland, OR 97219
Tel: (503) 768-6894 / Fax: (503) 768-6642
```

*Attorneys for Plaintiff San Francisco Baykeeper*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO BAYKEEPER; SAVE THE BAY; GREEN FOOTHILLS; CITIZENS' COMMITTEE TO COMPLETE THE REFUGE; and STATE OF CALIFORNIA, by and through XAVIER BECERRA, ATTORNEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY AND ITS ADMINISTRATOR,<br><br>Defendants.<br><br>REDWOOD CITY PLANT SITE, LLC,<br><br>Intervenor-Defendant. | CASE NO: 3:19-cv-05941-WHA (lead case)<br><br>Consolidated with<br><br>No: 3:19-cv-05943-WHA<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 27, 2021<br>Time:  8:00 a.m.<br>Ctrm:   12<br>Judge: William H. Alsup |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA**

# TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 2

    I.     INTRODUCTION ............................................................................................. 2

    II.    ARGUMENT .................................................................................................... 2

          A.    Plaintiffs Are Entitled to an Award of Fees Under EAJA ................. 2

                1.    The Plaintiff Organizations Are Eligible for an EAJA Award ............... 3

                2.    Plaintiffs Are Prevailing Parties in this Case .......................................... 3

                3.    Plaintiffs' Hours and Rates Are Reasonable ......................................... 4

                      a.    Plaintiffs' Hours Expended Are Reasonable .............................. 4

                      b    Plaintiffs' Requested Rates Are Reasonable and in Line with the Market .............................................................................. 5

                4.    The Government's Position Was Not Substantially Justified and No Special Circumstances Exist to Make an Award Unjust ........................ 8

          B.    Plaintiffs Are Entitled to an Award of Costs Under EAJA ............................. 9

    III.   CONCLUSION ................................................................................................. 10

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

i

# TABLE OF AUTHORITIES

**Page No(s).**

**Cases**

*Camacho v. Bridgeport Fin., Inc.*
523 F.3d 973 (9th Cir. 2008) ........................................................................................................ 7

*Comm'r I.N.S. v. Jean*
496 U.S. 154 (1990) ................................................................................................................. 6, 9

*Dang v. Cross*
422 F.3d 800 (9th Cir. 2005) ........................................................................................................ 7

*Dickey v. Advanced Micro Devices, Inc.*
No. 15-cv-04922-HSG, 2020 WL 870928 (N.D. Cal. Feb. 21, 2020) ......................................... 7

*Fowler v. Wells Fargo Bank, N.A.*
No. 17-cv-02092-HSG, 2019 WL 330910 (N.D. Cal. Jan. 25, 2019) .......................................... 7

*Fox v. Vice*
563 U.S. 826 (2011) ..................................................................................................................... 5

*Gates v. Deukmejian*
987 F.2d 1392 (9th Cir. 1992) ..................................................................................................... 5

*Gonzalez v. City of Maywood*
729 F.3d 1196 (9th Cir. 2013) ..................................................................................................... 5

*Hefler v. Wells Fargo & Co.*
No. 16-cv-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) .................................... 7, 8

*Hensley v. Eckerhart*
461 U.S. 424 (1983) .................................................................................................................. 3, 4

*Ibrahim v. U.S. Dept. of Homeland Security*
912 F.3d 1147 (9th Cir. 2019) ..................................................................................................... 9

*In re Apple Inc. Device Performance Litig.*
No. 5:18-md-02827-EJD, 2021 WL 1022866 (N.D. Cal. Mar. 17, 2021) ................................... 7

*In re LendingClub Sec. Litig.*
No. C 16-02627 WHA, 2018 WL 4586669 (N.D. Cal. Sept. 24, 2018) ...................................... 8

*In re Lenovo Adware Litig.*
No. 15-md-02624-HSG, 2019 WL 1791420 (N.D. Cal. Apr. 24, 2019) ..................................... 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*
MDL No. 2672 CRB (JSC), 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ............................... 7

*League of Wilderness Defenders v. Turner*
305 F. Supp. 3d 1156 (D. Or. 2018) ............................................................................................ 8

*League of Wilderness Defenders v. U.S. Forest Serv.*
No. 3:10–cv–01397–SI, 2014 WL 3546858 (D. Or. July 15, 2014) ........................................ 6, 8

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA**

ii

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

*Leslie Salt Co. v. Froehlke*
  578 F.2d 742 (9th Cir. 1978) ............................................................................................. 9

*Love v. Reilly*
  924 F.2d 1492 (9th Cir. 1991) ....................................................................................... 6, 8

*Moreno v. City of Sacramento*
  534 F.3d 1106 (9th Cir. 2008) ......................................................................................... 5

*Nadarajah v. Holder*
  569 F.3d 906 (9th Cir. 2009) ........................................................................................... 6

*Nat. Res. Def. Council v. Envt'l Prot. Agency*
  703 F.2d 700, 712 (3rd Cir. 1983) ................................................................................... 8

*Nat'l Wildlife Fed'n v. Fed. Energy Regulatory Comm'n*
  870 F.2d 542 (9th Cir.1989) ............................................................................................ 6

*Or. Nat. Res. Council v. Marsh*
  52 F.3d 1485 (9th Cir. 1995) ........................................................................................ 8, 9

*Perdue v. Kenny A. ex rel. Winn*
  559 U.S. 542 (2010) ......................................................................................................... 4

*Postier v. Louisiana-Pac. Corp.*
  No. 09-CV-03290-JCS, 2014 WL 1760010 (N.D. Cal. Apr. 29, 2014) ......................... 10

*San Francisco Baykeeper v. W. Bay Sanitary Dist.*,
  No. C-09-5676 EMC, 2011 WL 6012936 (N.D. Cal. Dec. 1, 2011) ................................ 9

*Stivers v. Pierce*
  71 F.3d 732 (9th Cir. 1995) ............................................................................................. 3

*Thangaraja v. Gonzales*
  428 F.3d 870 (9th Cir. 2005) ........................................................................................... 9

*United States v. Milner*
  583 F.3d 1174 (9th Cir. 2009) ......................................................................................... 9

**Statutes and Rules**

28 U.S.C. § 2412(d)(1)(A) ...................................................................................................... 2

28 U.S.C. § 2412(d)(1)(B) ...................................................................................................... 2

28 U.S.C. § 2412(d)(2)(A) ...................................................................................................... 5

28 U.S.C. § 2412(d)(2)(B) ...................................................................................................... 3

28 U.S.C. § 2412(d)(2)(G) ...................................................................................................... 2

**Other Authorities**

H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 8-9
  reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4984, 4986-88) .......................... 8

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA**

iii

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 27, 2021, at 8:00 am in Courtroom 12, 19th Floor, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William Alsup, Plaintiffs will, and hereby do, move for an order granting this Motion for Attorneys' Fees and Costs.

The motion will be based upon this Notice and Motion, the Memorandum of Points and Authorities below, the Declarations of Eric Buescher, Alison LaPlante, Nicole Sasaki, Sejal Choksi-Chugh, Megan Fluke, David Lewis, and Gail Raabe, the Exhibits attached thereto, and the Court's entire file in this litigation.

Dated: April 2, 2021     **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Eric J. Buescher*
      ERIC J. BUESCHER
      SARVENAZ J. FAHIMI
      JOSEPH W. COTCHETT

*Attorneys for Plaintiffs Save The Bay, Green Foothills, and Citizens' Committee to Complete the Refuge*

Dated: April 2, 2021     **EARTHRISE LAW CENTER**

By:   */s/ Allison LaPlante*
      ALLISON LAPLANTE
      JAMES SAUL

**SAN FRANCISCO BAYKEEPER, INC.**
      NICOLE C. SASAKI

*Attorneys for Plaintiff San Francisco Baykeeper, Inc.*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA    1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs San Francisco Baykeeper, Save The Bay, Green Foothills, and Citizens' Committee to Complete the Refuge ("Plaintiffs"), respectfully submit this motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Plaintiffs request an award of attorneys' fees and litigation expenses in the amount of $849,504.76. Plaintiffs are entitled to this award because they meet the eligibility requirements under EAJA, they have wholly prevailed in this case, the hours and rates sought by counsel are reasonable, and EPA cannot carry its burden of showing that its position in this case was "substantially justified."

Plaintiffs file this motion to ensure timely filing as required by EAJA, 28 U.S.C. §§ 2412(d)(1)(B) and 2412(d)(2)(G). But Plaintiffs intend to work with EPA in an effort to settle Plaintiffs' claim for fees and avoid further litigation on this matter before the Court. To that end, Plaintiffs plan to file a stipulation for an extension of time for EPA to respond to this fee motion.

## II. ARGUMENT

### A. Plaintiffs Are Entitled to an Award of Fees Under EAJA

This Court is authorized to award Plaintiffs their reasonable attorneys' fees and costs pursuant to EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiffs are entitled to their requested fees and costs under EAJA because: (1) Plaintiffs meet EAJA's eligibility requirements, (2) Plaintiffs are prevailing parties, (3) counsel's rates and hours are reasonable for a case of this nature in this market, and (4) EPA cannot demonstrate its position was substantially justified.

/ / /

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

2

### 1. The Plaintiff Organizations Are Eligible for an EAJA Award

An organization meets EAJA's eligibility requirements if it is a non-profit 501(c)(3) organization with fewer than 500 employees, or if it is an organization with fewer than 500 employees and a net worth less than $7,000,000 at the time the lawsuit was filed. 28 U.S.C. § 2412(d)(2)(B). All of the nonprofit Plaintiff organizations meet these requirements. *See* Declaration of Sejal Choksi-Chugh in Support of Plaintiffs Motion for Attorneys' Fees and Costs ("Choksi-Chugh Dec.") ¶¶ 5–6; Declaration of David Lewis in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Lewis Dec.") ¶ 5; Declaration of Gail Raabe in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Raabe Dec.") ¶ 5; and Declaration of Megan Fluke in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Fluke Dec.") ¶ 5.

### 2. Plaintiffs Are Prevailing Parties in this Case

EAJA's prevailing party standard is satisfied when a plaintiff achieves some success on the merits based on a court ruling. Success can be "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotations omitted). As the Ninth Circuit has explained, "litigant[s] need not prevail on every issue, or even on the central issue in the case, to be considered the prevailing party. It is enough that [they] succeed on any significant claim affording some of the relief sought[.]" *Stivers v. Pierce*, 71 F.3d 732, 751 (9th Cir. 1995) (internal quotation and citation omitted).

The results Plaintiffs achieved in this case easily meet this test. Plaintiffs brought a single claim for relief, challenging EPA's negative jurisdictional determination under the Clean Water Act for the Redwood City salt ponds and asking this Court to vacate and set aside that decision. *See* Dkt. #1 at 26–27. On October 5, 2020, this Court granted Plaintiffs' motion for summary judgment on that claim and denied EPA and intervenors' motion. *See generally* Dkt. #84. In ruling for Plaintiffs, this Court held that EPA had erroneously applied the law, and the Court issued the following final ruling:

> [T]he jurisdictional determination is VACATED AND SET ASIDE. The matter is REMANDED to the agency to consider the question anew and to do so in conformity with this order. The agency should evaluate the extent of nexus between the salt ponds and the Bay and the extent to which they significantly affect the chemical, physical, and biological integrity of the Bay and take into account all other factors

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

3

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

required by law—except for "fast land," which is finally determined by this order.

Dkt. #84 at 20–21. In short, Plaintiffs achieved exactly what they sought out to achieve in this litigation and are thus prevailing parties under EAJA.

### 3. Plaintiffs' Hours and Rates Are Reasonable

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. This "lodestar" method "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original). Here, the rates requested by Plaintiffs' attorneys, paralegals, and law clerks, and the hours spent on litigation, are reasonable.

#### a. Plaintiffs' Hours Expended Are Reasonable

In this action, San Francisco Baykeeper ("Baykeeper") was represented by Earthrise Law Center ("Earthrise"), as well as Baykeeper's in-house attorneys. Save The Bay, Green Foothills, and Citizens' Committee to Complete the Refuge were represented by Cotchett, Pitre & McCarthy, LLP ("CPM"). As explained in detail in the supporting declarations of the lead lawyers from each firm, the firms worked closely together (and with the State of California, who was also a plaintiff) to coordinate their work and avoid duplication. *See* Declaration of Allison LaPlante in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("LaPlante Dec.") ¶¶ 20–24; Declaration of Eric Buescher in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Buescher Dec.") ¶¶ 4, 22–25. Plaintiffs and their counsel also litigated this case efficiently; this case was fully resolved in thirteen months.

Counsel have carefully examined all billing entries line-by-line and exercised billing judgment to further reduce the fees. *See* LaPlante Dec.¶¶12–17; Buescher Dec.¶¶ 19–21, 28, 31, Ex. 2; Declaration of Nicole Sasaki in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("Sasaki Dec.") ¶¶ 9–11. For example, in recognition of the fact that Plaintiffs did not fully prevail on their Motion to Complete the Administrative Record, see Dkt. #84 at 10, Plaintiffs have applied an

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

4

across-the-board 15% reduction to the fees sought by Earthrise and Baykeeper for that motion. LaPlante Dec. ¶ 14; Sasaki Dec. ¶ 11. Plaintiffs have also eliminated numerous time entries by lawyers, legal fellows, and student law clerks where, through the exercise of counsel's professional judgment, that time was deemed excessive or unnecessary for the prosecution of this case. LaPlante Dec. ¶ 13, Ex. B; Buescher Dec. ¶¶ 28, 31; Sasaki Dec. ¶¶ 9–11, Ex. A.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *see also Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants."). Once the fee applicant has provided evidence supporting the hours worked, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397–98 (9th Cir. 1992). Here, the hours expended on this case are reasonable in light of the scope and complex subject matter of the case, the number of parties involved, and the billing judgment exercised, and reductions already made.[1]

        b.        *Plaintiffs' Requested Rates Are Reasonable and in Line with the Market*

As an initial matter, the default EAJA rate of $125 per hour does not apply here. The rate cap applies "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has held that three requirements must be satisfied before the statutory limit may be exceeded. "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*,

---

[1] If settlement negotiations are unsuccessful, Plaintiffs intend to seek fees for the time spent recovering their fees, as that time, though not fully included in this motion, is compensable. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). This motion includes time for counsel for CPM and Earthrise through March 26, 2021, and for Baykeeper through March 30, 2021.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

5

924 F.2d 1492, 1496 (9th Cir. 1991); *see also Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009). All three requirements are met here, and the statutory limit is inapplicable.

First, the Ninth Circuit has long recognized environmental litigation as an "identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496. *See also Nat'l Wildlife Fed'n v. Fed. Energy Regulatory Comm'n*, 870 F.2d 542, 547 (9th Cir.1989) (enhanced fees for environmental law specialization) *abrogated on other grounds by Comm'r I.N.S. v. Jean*, 496 U.S. 154, 157 (1990). "In the Ninth Circuit, enhanced rates may be appropriate where attorneys have expertise with a complex statutory scheme; familiarity and credibility with a particular agency; and understanding of the needs of a particular class of clients . . . and of how those needs could best be met under the existing statute and regulations." *League of Wilderness Defs. v. U.S. Forest Serv.*, No. 3:10-cv-01397-SI, 2014 WL 3546858, at *12 (D. Or. July 15, 2014) (internal quotation and citation omitted). The lawyers on this case meet the Ninth Circuit's requirements for specialized knowledge in environmental law. *See* LaPlante Dec. ¶¶26–39, Ex. A, C; Buescher Dec. ¶¶ 7–11, 13, Ex. 1; Sasaki Dec. ¶¶ 13–17.

Second, Plaintiffs' attorneys' distinctive knowledge and skills were needed in the litigation. This lawsuit was rooted in violations of the Clean Water Act, a statute with which all of Plaintiffs' lawyers are intimately familiar. This case also required distinctive knowledge of the practice of administrative law, as Plaintiffs' cause of action was brought under the Administrative Procedure Act. Finally, the case required extensive knowledge of the San Francisco Bay ecosystem and the facts underlying the salt ponds at issue in this case. Attorneys for Plaintiffs relied upon their expertise and understanding of these statutory schemes and underlying facts to advance robust legal arguments and execute an effective litigation strategy that ultimately resulted in success on the merits.

Third, the Plaintiff organizations could not find lawyers at the statutory rate. In the past, these groups have been unable to find any suitable counsel in the Bay Area who would take a case like this at the EAJA hourly rate of $125/hour, so Plaintiffs focused on attorneys who they knew might be willing to take the case at higher contingent rates based on their training and experience. *See* Choksi-Chugh Dec. ¶¶ 7–10; Lewis Dec. ¶ 6; Raabe Dec. ¶ 6; Fluke Dec. ¶ 6.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

6

Finally, the rates requested are reasonable and based on relevant market rates. Reasonable hourly rates are set by prevailing market rates in the relevant community. *See Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The reasonable hourly rate is "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Fowler v. Wells Fargo Bank, N.A.*, No. 17-cv-02092-HSG, 2019 WL 330910, at *6 (N.D. Cal. Jan. 25, 2019).

In this district, rates "from $650 to $1,250 for partners or senior counsel, from $400 to $650 for associates, and from $245 to $350 for paralegals[]" have been held to be reasonable. *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018); *see also Dickey v. Advanced Micro Devices, Inc.*, No. 15-cv-04922-HSG, 2020 WL 870928, at *8 (N.D. Cal. Feb. 21, 2020) (approving rates between "$275-$575 for associates and $615-$1,000 for partners"); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving "billing rates ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals"). The hourly rates sought by counsel at CPM, Earthrise, and Baykeeper are in line with the market rates in San Francisco, as reflected in these and other decisions from courts in this district.

The hourly rates sought by CPM in this litigation are the regular rates charged by the firm, have been previously approved in this district, are consistent with market rates charged in the Bay Area for counsel with similar skill and expertise, and are the rates CPM's clients agreed would have been charged if CPM was not working on a contingent basis. *See* Buescher Dec. ¶¶ 5, 29, 30. CPM's rates have been approved by various different judges in this district, including this Court, as reasonable and within the range of rates charged by similarly qualified and skilled counsel in the Bay Area. *See, e.g., In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2021 WL 1022866, at *8 (N.D. Cal. Mar. 17, 2021) (finding CPM's rates to be "consistent with rates that have been awarded in this District"); *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2019 WL 1791420, at *9 (N.D. Cal. Apr. 24, 2019) (approving as reasonable rates, including CPM's, of "$365 to $950 per hour for attorneys"); *In re LendingClub Sec. Litig.*, No. C 16-02627 WHA, 2018 WL

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

7

4586669, at *2 (N.D. Cal. Sept. 24, 2018) (approving rates, including CPM's then current rates, of "$275 per hour (paralegal) to $850 per hour (partner)" as "high but within the range of reasonable").

Earthrise's and Baykeeper's rates were also calculated in light of this case law, and they follow the same scale as CPM's rates based on the years of practice and skills for each attorney. *See* LaPlante Dec. ¶ 25; Sasaki Dec. ¶¶ 18–21. Because Earthrise is a Portland, Oregon-based firm, Earthrise's rates have not previously been the subject of litigation in this Court. But Earthrise's rates have been approved by courts in other districts, and Earthrise adjusted those rates to correspond to the San Francisco market. *See, e.g.*, *League of Wilderness Defenders v. Turner*, 305 F. Supp. 3d 1156 (D. Or. 2018); *League of Wilderness Defenders v. U.S. Forest Serv.*, No. 3:10–cv–01397–SI, 2014 WL 3546858 (D. Or. July 15, 2014). If the parties do not settle this motion, supplemental declarations will further support the specific rates sought by counsel here.

Finally, the "blended" hourly rate sought in this case confirms the reasonableness of the request. In total, Earthrise, Baykeeper, and CPM spent 1,912 hours on this matter for which they seek compensation. The total fees sought is $845,397.81. This results in a "blended hourly rate" of $442. This too is reasonable. *See, e.g., Hefler*, 2018 WL 6619983, at *14 (finding a blended rate of $406 reasonable); *In re Volkswagen*, 2017 WL 1047834, at *5 (finding blended rate of $529 to be "more than reasonable").

### 4.     The Government's Position Was Not Substantially Justified and No Special Circumstances Exist to Make an Award Unjust

"Once a party's eligibility has been proven, an award of fees is *mandatory* under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Love*, 924 F.2d at 1495 (citing 28 U.S.C. § 2412(d)(1)(A)) (emphasis added). An agency bears the burden of proving that its position was substantially justified. *Or. Nat. Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995). The agency must make a "strong showing" in order to meet its burden. *Nat. Res. Def. Council v. Envt'l Prot. Agency*, 703 F.2d 700, 712 (3rd Cir. 1983) (citing H.R. Rep. No. 1418 at 16, 18, 96th Cong., 2nd Sess. 8-9, reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4984, 4986-88). Indeed, agencies' actions are rarely considered "substantially justified" where courts reverse agencies' decisions as arbitrary, capricious, or contrary

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

8

to the law. *See, e.g.*, *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record."); *Marsh*, 52 F.3d at 1492 (finding no substantial justification where agency prepared inadequate NEPA document). Whether or not an agency's position is substantially justified is determined by an "inclusive" rather than "atomized" evaluation, considering whether the agency's position, taken as a whole, is sufficiently reasonable both in terms of the law and the facts applicable to the case. *Ibrahim v. U.S. Dept. of Homeland Security*, 912 F.3d 1147, 1169 (9th Cir. 2019) (citing *Jean*, 496 U.S. at 161–62).

Here, EPA cannot demonstrate that its position was substantially justified or that any special circumstances exist that would make the award sought by Plaintiffs unjust. In anchoring its jurisdictional determination on the "fast land doctrine," and neglecting to conduct the necessary significant nexus evaluation, EPA acted unreasonably and contrary to both controlling precedent and governing statutory and regulatory mandates. Dkt. #84 at 20. Even assuming that the fast lands doctrine was a reasonable avenue of examination in this instance, to suggest that the salt ponds at issue here are dry or disconnected from the greater San Francisco Bay ignored controlling precedent from *Leslie Salt Co. v. Froehlke*, 578 F.2d 742, 746 (9th Cir. 1978), and *United States v. Milner*, 583 F.3d 1174, 1194–95 (9th Cir. 2009), as well as the basic facts of the site in contention. Dkt. #84 at 19. These *ponds* are not dry and are regularly inundated by water from the Bay. *Id*. EPA's position here, therefore, was neither reasonable nor substantially justified.

### B.  Plaintiffs Are Entitled to an Award of Costs Under EAJA

Plaintiffs have incurred a total of $4,106.95 in reimbursable litigation expenses here. *See* LaPlante Dec. ¶ 41, Buescher Dec. ¶ 32, Sasaki Dec. ¶ 26. These costs include routine expenses such as the initial filing fee, mailing costs, and *pro hac vice* fees. These costs are compensable. *See* N.D. Cal. Local Rule 54-3(filing fees are taxable costs); *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, No. C-09-5676 EMC, 2011 WL 6012936, at *14 (N.D. Cal. Dec. 1, 2011) (mailing costs are recoverable litigation expenses because they "are practical and necessary to a party conducting

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

9

litigation"); *Postier v. Louisiana-Pac. Corp.*, No. 09-CV-03290-JCS, 2014 WL 1760010, at *7 (N.D. Cal. Apr. 29, 2014) (awarding *pro hac vice* fees as litigation expense).

### III. CONCLUSION

In total, CPM, Earthrise, and Baykeeper spent 1,192 hours for which they seek recovery. *See* Buescher Dec., ¶ 21; LaPlante Dec. ¶ 40; Sasaki Dec. ¶ 24. The lodestar for those hours is $845,397.81. *See* Buescher Dec. ¶ 21; LaPlante Dec. ¶ 40; Sasaki Dec. ¶ 24. Plaintiffs also seek costs in the total amount of $4,106.95. *See* Buescher Dec. ¶ 32; LaPlante Dec. ¶ 41; Sasaki Dec. ¶ 26. The below table summarizes Plaintiffs' request.

| Counsel | Hours Sought | Fees Requested | Costs Requested | Total |
|---|---|---|---|---|
| CPM | 836.9 | $ 528,880.00 | $ 3,086.95 | $ 531,966.95 |
| Earthrise | 886 | $ 246,075.41 | $ 620.00 | $ 246,695.41 |
| Baykeeper | 189 | $ 70,442.40 | $ 400.00 | $ 70,842.40 |
| **Total** | **1911.9** | **$ 845,397.81** | **$ 4,106.95** | **$849,504.76** |

For the reasons above, Plaintiffs respectfully request the Court grant their motion for attorneys' fees and cost in the amount of $849,504.76.

Respectfully submitted,

Dated: April 2, 2021      **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Eric J. Buescher*
    ERIC J. BUESCHER
    SARVENAZ J. FAHIMI
    JOSEPH W. COTCHETT

*Attorneys for Plaintiffs Save The Bay, Green Foothills, and Citizens' Committee to Complete the Refuge*

Dated: April 2, 2021      **EARTHRISE LAW CENTER**

By:   */s/ Allison LaPlante*
    ALLISON LAPLANTE
    JAMES SAUL

**SAN FRANCISCO BAYKEEPER, INC.**
    NICOLE C. SASAKI

*Attorneys for Plaintiff San Francisco Baykeeper, Inc.*

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA     10

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Eric J. Buescher, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of April, 2021, at Redwood City, California.

*/s/ Eric J. Buescher*
ERIC J. BUESCHER

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:19-cv-05941-WHA

11